UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MARY DIGENNARO, Individually, and as
Limited Executrix of the Estate of Albert
DiGennaro, on Behalf of all Distributees,

        Plaintiff,

v.

TOWN OF GATES POLICE DEPARTMENT,
et al.,

        Defendants.

ORDER and REPORT AND
RECOMMENDATION

07-CV-6426CJS

        Plaintiff in the above-captioned matter having filed a motion to amend the complaint to add a defendant, to assert several new causes of action (Docket # 33), and this Court having considered the submissions of both parties, and oral argument having been conducted on August 5, 2010, and an oral report and recommendation having been issued on December 6, 2010, it is hereby

        ORDERED, that for the reasons explained by the Court on the record on August 5, 2010 plaintiff's motion to amend the complaint by explicitly asserting a claim for negligent hiring, training, retention and supervision **(Docket # 33)** is **GRANTED**; and it is further

        RECOMMENDED to the district court, for the reasons explained by the Court on the record on December 6, 2010, that plaintiff's motion to amend her complaint to add Gordon

Whitehair as a new defendant and to add causes of action other than one for negligent hiring, training, retention and supervision **(Docket # 33) be DENIED.**

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 10, 2010

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 10, 2010